```
               UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF LOUISIANA


NOEL DENISE HELSCHER-STRAUSS              CIVIL ACTION

VERSUS                                    NO: 06-1627

SARA LEE CORPORATION                      SECTION: "J"(5)
```

**ORDER AND REASONS**

Before the Court is **Defendant's Motion to Dismiss Claim for Severance Benefits (Rec. Doc. 8)**. This motion is opposed by Plaintiff and was set for hearing on the briefs on May 10, 2006.

Because Plaintiff attached extrinsic evidence (or matters/facts outside of the pleadings) to her opposition and because this Court exercised its discretion to consider such evidence, Defendant's motion to dismiss was converted into a motion for summary judgment, pursuant to rules 12 and 56 of the Federal Rules of Civil Procedure. (Rec. Doc. 20).  The Court gave each party ten days to submit additional evidence either in support of or against Defendant's converted motion for summary judgment.  After review of the record, the memoranda of counsel, and the applicable law, this Court now finds that Defendant's motion should be granted.

**Factual Background**

Plaintiff was terminated from her position of Customer Development Manager II for Defendant's Branded Apparel division.

1

(Petition, ¶ 5). Plaintiff asserts that after her termination, she inquired as to whether she was entitled to severance pay, but Defendant refused to provide her with a copy of the severance plan. Plaintiff further claims that, thereafter, she retained an attorney, who then sent letters by certified mail to the plan administrator and to Sara Lee Corporation, Inc. and Sara Lee Apparel and Hosiery Department. The letters all claimed that as an exempt employee of Sara Lee hosiery, Plaintiff was eligible for severance pay under the plan. The letters requested that the plan administrator inform Plaintiff whether her claim for severance would be honored and/or reviewed and also requested a copy of the plan and other relevant documents. The letters indicated that Plaintiff would be willing to sign a company-approved release. As a last resort, the letter warned that Plaintiff would file a lawsuit if the requests were not met. Plaintiff claims that neither she nor her attorney ever received a written response from Sara Lee or from the plan administrator. In an attached affidavit, Plaintiff's attorney claims he received a phone call from a Sara Lee attorney stating that Plaintiff was not eligible for severance benefits and that no further response would be made by Sara Lee.

Thereafter, Plaintiff filed suit against Defendant in Civil District Court in the Parish of Orleans asserting two causes of action in her petition: (1) a Louisiana common law breach of contract claim based seeking recovery of severance benefits, and (2) a Louisiana Wage Claim Act claim that seeks the recovery of a

bonus payment under La. R.S. 23:632. Thereafter, Defendant removed this case to this court based on both federal question (ERISA) and diversity jurisdiction.

### The Arguments of the Parties

Defendant only seeks to dismiss Plaintiff's first state law claim, which seeks to recover for the wrongful denial of severance benefits under Defendant's severance plan. Defendant argues that because the plan is governed by ERISA, it is preempted by ERISA and, accordingly, should be recast as a wrongful denial of benefits claim under ERISA section 502(a)(1)(B). Next, Defendant asserts that Plaintiff's re-characterized ERISA claim should be dismissed without prejudice because Plaintiff has not alleged that she has exhausted the administrative remedies available to her under the plan, as required by the Fifth Circuit. Specifically, Defendant claims that Plaintiff has failed to plead, in accordance with the plan, that (1) she submitted a claim challenging eligibility for benefits to the Company before filing the lawsuit and (2) that she submitted a claim appeal to the plan's administrator before filing suit.

In opposition, Plaintiff disputes Defendant's assertion that this plan is an ERISA plan, arguing that it cannot be an ERISA plan because it was not funded through a separate fund and because it does not require the creation of an ongoing administrative program. Specifically, Plaintiff argues that

3

section 7.7[1] provides no procedure; instead, it simply requires a resolution by the board of directors.  It does not set forth standards to deny benefits, which means that the administrator can do so for any reason based on the authority given to him under section 8.1[2] of the plan.

Plaintiff, in response to Defendant's argument that she failed to exhaust her administrative remedies, claims that she should be allowed to proceed with her case based on the futility doctrine.

### The Law

ERISA preempts all state laws insofar as they "relate to any employee benefit plan covered by the Act."  29 U.S.C. § 1144(a); Trans. Hosps. Corp. v. Blue Cross and Blue Shield of Tex., Inc., 164 F.3d 952, 954 (5th Cir.1999).  Plaintiff asserts that the plan in this case does not constitute an ERISA plan.  Plaintiff

---

[1] Section 7.7 states:

   Action by Employer

   Any action required of or permitted by an employer under the plan shall be by resolution of its Board of Directors, by resolution of a duly authorized committee of its Board of Directors, or by a person or persons authorized by resolutions of its Board of Directors or such committee.

[2] Section 8.1 provides:

   Amendment and Termination

   The company reserves the right, on a case-by-case basis or on a general basis, to amend the plan at any time and to alter, reduce or eliminate any benefit under the plan (in whole or in part) at any time or to terminate the plan at any time, as to any class or classes of covered employees (including former or retired employees), without prior notice.  Any amendment or termination of the plan by the company shall be made in accordance with the procedures set forth in subsection 7.7.

argues that this plan does not qualify as an ERISA plan for two reasons.  First, Plaintiff argues this plan is not an ERISA plan because benefits payable under it were required to be paid out of Defendant's general assets.  However, as Defendant points out, Supreme Court and Fifth Circuit precedent allow for benefits under welfare plans to be paid out of the general assets of a company and still be governed by ERISA. Fort Hailfax Packing Co. v. Coyne, 482 U.S. 1, 17-18 (1987); Tinoco v. Marine Chartering Co., Inc., 311 F.3d 617, 622 (5th Cir. 2002) ("even though benefit funds are paid out of the general assets of a company instead of a separate fund, the benefit plan can still be governed by ERISA . . . the inquiry should not necessarily be where the funds are coming from, but whether severance benefits are being paid pursuant to a plan.").

Second, Plaintiff asserts, that because section 8.1 of the plan permits Defendant to terminate the plan at any time without notice, the plan does not constitute an ongoing administrative scheme, which is required by ERISA.  However, as Defendant advances, the plan meets the "ongoing administrative program" requirements set out by the Supreme Court in Fort Halifax.  Section 1.4 of the plan states that Defendant has "the discretionary authority to construe and interpret the provisions of the plan . . . including the authority to determine the eligibility of employees and the amount of benefits payable under the plan."  Also, section 3.5 sets forth the available benefits, and section 7.14 describes the administrative claims procedure.

Therefore, this severance agreement is a qualifying employee benefit plan and is accordingly preempted by ERISA. See Wells v. General Motors Corp., 881 F.2d 166, 176 (5th Cir.1989); Fontenot v. NL Indus., Inc., 953 F.2d 960, 963 (5th Cir.1992).

Next, this Court must determine whether Plaintiff has exhausted the available administrative remedies related to her ERISA claim. As a matter of law, a plaintiff must exhaust all administrative remedies available under an ERISA plan prior to bringing an action for denial of benefits. Bourgeois v. Pension Plan for Employees of Santa Fe Int'l Corps., 215 F.3d 475, 479 (5th Cir.2000); Denton v. First Nat'l Bank, 765 F.2d 1295, 1297 (5th Cir.1985). In the ERISA context, the exhaustion requirement is mandatory. See Denton, 765 F.2d at 1297 (holding that the ERISA administrative exhaustion requirement mandated in other circuits would also apply in the Fifth Circuit).  It is not a prerequisite to a federal court's jurisdiction.  Hager v. Nations Bank N.A., 167 F.3d 245, 248 n. 3 (5th Cir. 1999) (citing Chailland v. Brown & Root, Inc., 45 F.3d 947, 950 n. 6 (5th Cir.1995); Painter v. Golden Rule Ins. Co., 121 F.3d 436, 441 (8th Cir.1997)). Where Congress has not clearly required exhaustion, "sound judicial discretion governs." Zephyr Aviation, L.L.C. v. Dailey, 2001 WL 332822, *2 (5th Cir. Apr. 4, 2001). Upon a review of the evidence submitted, it is clear that Plaintiff  did not file a claim appeal and, therefore, did not fully exhaust her available administrative remedies outlined in the plan.  However, Plaintiff asserts that filing a claim appeal

6

would have been futile.

Although narrowly applied, the Fifth Circuit has recognized an exception to the affirmative defense of failure to exhaust administrative remedies when such attempts would be futile. Hall v. National Gypsum Co., 105 F.3d 225, 232 (5th Cir.1997).  To establish the futility exception, Plaintiff must prove that "it is certain that [her] claim will be denied on appeal, not merely that [she] doubts that an appeal will result in a different decision." Lindemann v. Mobil Oil Corp., 79 F.3d 647, 650 (7th Cir.1996) (quotation omitted).

Schwab v. Medfirst Health Plans of Louisiana, 2000 WL 364984 (E.D. La. 2000), came before this Court in 2000 and addressed a similar issue.  In Schwab, it was asserted by the defense that plaintiff failed to exhaust her administrative remedies under a severance plan.  The plaintiff, on the other hand, argued that exhaustion would have been futile based on the fact that her attorney had filed a letter with the grievance division, advising it of his representation of the plaintiff, advising it that the plaintiff had a grievance, and requesting the plaintiff's membership information.  In other words, the plaintiff never personally invoked the grievance procedure - her attorney did.  Instead of the grievance being handled by a "Member Relations Representative," the letter from the attorney was sent directly to the defendant's legal department.  The legal department responded with a letter written "in no uncertain terms," clearly outlining the defendant's basis for denying the plaintiff

7

benefits and reiterating its decision of denial.  Specifically, the decision to terminate the plaintiff's coverage had been unilateral and applied to all members in Louisiana - the defendant had made the decision to pull put of Louisiana and terminate all Louisiana policy holders.  In other words, an individual grievance would not have affected the corporate policy decision.  This court concluded that the letter showed that the exhaustion of the plaintiff's administrative remedies would have been futile.  The Court reached its conclusion by reasoning that the claim had been considered and rejected by corporate counsel (who is higher in authority than the Grievance Manager).

Shortly after this decision was rendered, the Fifth Circuit addressed this same issue in another case.  In <u>Bourgeois v. Pension Plan for the Employees of Santa Fe International Corporations</u>, 215 F.3d 475 (5th Cir. 2000), the plaintiff, after perceiving a problem with his retirement benefits plan, requested a copy of the pension plan and began conferring with company personnel, including a personnel representative, a senior Human Resources official, and board chairmen for two related companies. One chairman exchanged several letters with the plaintiff about the issue.  The plaintiff later claimed that exhausting the administrative remedies set forth in the plan would have been futile based on his conversations with this chairman (who told him his claim would receive no further consideration).  The plaintiff asserted that the chairman had led him to believe that he had authority to act as an agent of the plan.  Plaintiff also

asserted that he believed him solely because he was chairman of the board.  Plaintiff did not submit a written claim to the Committee, as required by the Plan.

The Fifth Circuit determined that the plaintiff's failure to exhaust his administrative remedies could not be excused on the ground of futility.  The Court noted that it had not yet decided whether a denial of benefits from a high-ranking officer of the plan sponsor might be sufficient to establish futility, without a showing of bias or hostility within the benefits committee, as it expressed in <u>Hall</u>, 105 F.3d at 232.  The Fifth Circuit determined that the chairman's statement that the plaintiff's claim would receive no additional consideration did not establish that the actual committee would not have considered the claim.  Therefore, the Court rejected the plaintiff's use of the futility exception.

Similarly in <u>Shamoun v. Board of Trustees</u>, 357 F. Supp. 2d 598 (E.D.N.Y 2005), when faced with a similar issue, a district court in New York reached a similar conclusion to that reached by the Fifth Circuit in <u>Bourgeois</u>.  A union president told the plaintiff that he would not receive retirement benefits if he continued to work as a salesman.  The plaintiff then retained an attorney who exchanged several letters with the Fund's counsel regarding this issue; however, the defendant refused to provide the plaintiff with an application form.  After the issue of his failure to exhaust his administrative remedies was raised by the defendant in the lawsuit, Plaintiff claimed that doing so would

9

have been futile based on the representation of the union president and the actions and representations of the Fund's counsel.  The Court determined the Union president's assertion that the plaintiff was not entitled to benefits did not constitute a  a formal denial of a benefits application.  The Court concluded that the statement did not establish futility because "informal representations of the views of a committee are not a sufficient basis for claiming futility." Id. at 606, citing Schein v. News Am. Publ'g, Inc., 1989 WL 56255, *3-4 (E.D.N.Y. May 23, 1989)(representations of two of four members of the committee on retirement benefits as to calculations of plaintiff's benefits did not render compliance with the administrative review process futile).  The Court determined that, at the very most, the union president's statements constituted de facto denial of benefits, which does not support the application of the futility exception.  The Court explained, "to find allegations of oral representations by management as to a 'claim' for benefits that was never filed sufficient to establish futility would render the exhaustion requirement meaningless." Shamoun, 357 F. Supp. 2d at 606.

In this case, Plaintiff argues that any further administrative appeal would be futile in light of the informal telephone response by a Sara Lee attorney.  However, such an informal negative response does not establish that the actual committee would not have considered a formal claim or appeal.  Accordingly,

**IT IS ORDERED** that **Defendant's Motion to Dismiss Claim for Severance Benefits (Rec. Doc. 8)** should be and hereby is **GRANTED**. Plaintiff's Louisiana common law breach of contract claim, which has been recast by this Court as a claim for wrongful denial of benefits claim under ERISA section 502(a)(1)(B), is hereby dismissed without prejudice.

New Orleans, Louisiana this 28th day of July, 2006.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE